IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARTON ENG, et al., | ) CIVIL NO. 22-00309 JAO-WRP |
| | ) |
| Plaintiffs, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) DEFENDANTS GIRO |
| | ) KATSIMBRAKIS AND ST. LOUIS |
| TYLER BANTA, et al., | ) REDEVELOPMENT COMPANY, |
| | ) LLC'S MOTION FOR ATTORNEYS' |
| Defendants. | ) FEES AND RELATED |
| | ) NONTAXABLE EXPENSES |
| | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS GIRO
KATSIMBRAKIS AND ST. LOUIS REDEVELOPMENT COMPANY, LLC'S
MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE
EXPENSES

Before the Court is Defendants Giro Katsimbrakis and St. Louis Redevelopment Company, LLC's (collectively, the Katsimbrakis Defendants or Defendants) Motion For Attorneys' Fees and Related Nontaxable Expenses (Motion), ECF No. 200.  Plaintiffs Barton Eng and Wendee Eng (collectively, Plaintiffs) filed an opposition, ECF No. 202, and Defendants responded with a reply memorandum, ECF No. 203.  On August 25, 2025, this Court entered a Minute Order finding that Defendants' Motion was timely and directing counsel to submit supplemental briefing on the assumpsit analysis for awarding fees pursuant to Hawaii Revised Statutes (HRS) § 607-14.  Defendants' supplemental

1

memorandum, ECF No. 207, Plaintiffs' supplemental opposition, ECF No. 208, and Defendants' supplemental reply, ECF No. 209, followed.

The Court finds this Motion suitable for disposition without a hearing pursuant to Local Rule 7.1(c). After careful consideration of the record in this action and the relevant legal authority, the Court finds and recommends that Defendants' Motion be DENIED.

BACKGROUND

On July 15, 2022, Plaintiffs commenced this action against a number of defendants including: the Katsimbrakis Defendants, James Conaway and Lorraine Conaway (collectively, the Conaways), STL 100, LLC (STL), and Tycon Yorba 151, LLC (Tycon Yorba)[1]. In their various amended complaints, Plaintiffs generally alleged that the defendants tricked Plaintiffs into investing money to purchase rental properties in St. Louis, Missouri for which Plaintiffs never received title and from which they received no benefit. See Order Granting (1) Defendants Giro Katsimbrakis and St. Louis Redevelopment Company, LLC's Motion for Judgment on the Pleadings and (2) Defendants James and Lorraine Conaway, STL

---

[1] Tycon Yorba 151, LLC was erroneously sued as Tycon 151, LLC. See Order Granting In Part and Denying In Part Defendants James and Lorraine Conaway, STL 100, LLC, and Tycon Yorba 151, LLC's Motion to Dismiss, ECF No. 163 at 1 n.1.

100, LLC, and Tycon Yorba 151, LLC's Motion to Dismiss the Third Amended Complaint (Order Dismissing TAC), ECF No. 132 at 2.

Defendants were not served the original Complaint or the First Amended Complaint, but they were served the Second Amended Complaint and filed an Answer in response. See Returns of Service, ECF Nos. 64, 66; Defendants' Answer to Second Amended Complaint, ECF No. 73. The District Court ultimately dismissed the Second Amended Complaint with leave to amend, based on motions brought by other defendants. See Order Granting Defendants' Motion to Dismiss, ECF No. 100 at 32; Order Dismissing TAC, ECF No. 132 at 5 ("The Court . . . addressed one round of motions as to the Second Amended Complaint, although none of those motions were filed by Katsimbrakis or St. Louis Redevelopment.").

On July 21, 2023, Plaintiffs filed the Third Amended Complaint (TAC). TAC, ECF No. 102. Although several claims were asserted against other defendants, only two claims were asserted against the Katsimbrakis Defendants: a claim for negligent misrepresentation and a claim for unfair and deceptive trade practices (UDAP) under HRS § 480-2. See TAC, ECF No. 102 at 29-34, 36-41.

On December 12, 2023, the District Court granted the Katsimbrakis Defendants' motion for judgment on the pleadings and also dismissed claims against the Conaways, STL, and Tycon Yorba. See Order Dismissing TAC, ECF

3

No. 132. The Court did not individually analyze the claims asserted against the Katsimbrakis Defendants because Plaintiffs "concede[d] the TAC is deficient and should be dismissed." See id. at 4-5 ("[T]he Court has only determined it is more prudent to have Plaintiffs put all their allegations in a proper pleading, making clear which claims and defendants each fact applies to, and then to resolve the viability of those claims based on full briefing—rather than attempting to resolve the merits based on what is presently before the Court.").

As to the TAC claims against the Conaways, STL, and Tycon Yorba, the District Court noted that Plaintiffs' counsel similarly "concede[d] the TAC is deficient and should be dismissed as to these defendants as well[.]" Id. at 7. The Court therefore dismissed these claims and noted that the Conaways, STL, and Tycon Yorba "have . . . been prejudiced to some extent" because Plaintiffs failed to cure "deficiencies raised in the Conaways, STL, and Tycon Yorba's prior motion to dismiss (and the Court's order granting that motion)[.]" Id. at 7-9. Consequently, the Court "caution[ed] Plaintiffs' counsel that it is willing to entertain a request for sanctions in the amount of appropriate attorneys' fees in the event the Court grants any motion to dismiss the Fourth Amended Complaint where it is apparent Plaintiffs have re-alleged a claim premised only on allegations or arguments the Court has already explained are insufficient for purposes of jurisdiction or as to the merits." Id. at 9 (citation omitted). The Court also made

clear that Plaintiffs "cannot include new claims or new defendants without leave of court." See id. at 10.

On January 9, 2024, Plaintiffs filed the Fourth Amended Complaint (FAC). See FAC, ECF No. 136. In violation of the District Court's clear directive, Plaintiffs included new claims (collectively, New Claims), including a new claim for breach of contract against the Katsimbrakis Defendants. See id. at ¶¶ 54-138. This was the only claim asserted against the Katsimbrakis Defendants in the FAC. See id. at ¶¶ 117-125.

On April 30, 2024, this Court denied Plaintiffs' motion for leave to assert the New Claims and issued an order striking the New Claims. See Order Denying Plaintiffs' Motion to Add New Claims to Fourth Amended Complaint (Order Striking New Claims), ECF No. 161 at 19. As a result, the FAC asserted no claims against the Katsimbrakis Defendants, and the Court terminated them as parties in this case on April 30, 2024.

On May 13, 2024, the District Court granted in part the Conaways, STL, and Tycon Yorba's motion to dismiss the FAC. See Order Granting In Part and Denying In Part Defendants James and Lorraine Conaway, STL 100, LLC, and Tycon Yorba 151, LLC's Motion to Dismiss, ECF No. 163. Thereafter, only two claims in the FAC against the Conaways survived; all other claims against the Conaways, STL, and Tycon Yorba were dismissed. See id. at 36. These

remaining claims settled on February 24, 2025 and were dismissed with prejudice on April 18, 2025.  <u>See</u> February 24, 2025 Minute Order, ECF No. 192; <u>see also</u> Stipulation for Partial Dismissal with Prejudice, ECF No. 196.  Judgment was entered on May 1, 2025.  <u>See</u> Judgment, ECF No. 198.

<u>Summary of Claims Asserted against the Katsimbrakis Defendants</u>

Below is a list of all the claims asserted against the Katsimbrakis Defendants in Plaintiffs' various pleadings:

- Complaint, ECF No. 1
    - **Misrepresentation** (¶ 68)
    - **Fraud** (¶¶ 75, 77, 79, 82, 83, 84)
    - **UDAP under HRS ch. 480** (¶ 87)
- First Amended Complaint, ECF No. 10
    - **Misrepresentation** (¶ 71)
    - **Fraud** (¶¶ 78, 80, 82, 85, 86, 87)
    - **UDAP under HRS ch. 480** (¶ 90)
- Second Amended Complaint, ECF No. 18
    - **Misrepresentation** (¶ 71)
    - **Fraud** (¶¶ 78, 80, 82, 85, 86, 87)
    - **UDAP under HRS ch. 480** (¶ 90)
- Third Amended Complaint, ECF No. 102
    - **Negligent Misrepresentation** (¶¶ 111-113)
    - **UDAP under HRS ch. 480** (Prayer for Relief ¶ 8)
- Fourth Amended Complaint, ECF No. 136
    - *Struck from FAC*: **Breach of Contract** (¶¶ 117-125).

6

The Court now turns to Defendants' request for attorneys' fees.

## DISCUSSION

### I. Attorneys' Fees as Sanctions

Defendants provide two bases for awarding them attorneys' fees as sanctions: Federal Rules of Civil Procedure (FRCP) Rule 11 and the District Court's Order Dismissing TAC. See Motion, ECF No. 200-1 at 13-14, 16-17.

**A. Sanctions Based on Rule 11**

Defendants first seek their attorneys' fees as a sanction under Rule 11. See Motion, ECF No. 200-1 at 13-14. Defendants acknowledge, however, that Rule 11 expressly requires that a motion for sanctions "**be made separately from any other motion**[.]" Id. at 14 (quoting Fed. R. Civ. P. 11(c)(2)) (some emphasis in original). Insofar as Defendants incorporated their request for Rule 11 sanctions in the present Motion for fees and costs, Defendants concede: "If the Court is not inclined to accept a request for sanctions within this Motion because it is not a separate document, then Katsimbrakis Defendants withdraw any such request for sanctions." Id.

"Rule 11 imposes a duty on attorneys to certify that all pleadings are legally tenable and well-grounded in fact[.]" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (citations omitted). Subsection 11(c) of the Rule "provides strict procedural requirements for parties to follow when they

7

move for sanctions under Rule 11." Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788 (9th Cir. 2001). Strict compliance with the procedural requirements "is important because 'Rule 11 is an extraordinary remedy, one to be exercised with extreme caution.'" Kohli v. Dayal, No. 2:20-cv-00538-CDS-NJK, 2024 WL 1300054, at *2 n.4 (D. Nev. Mar. 27, 2024) (quoting Operating Eng'rs Pension Tr. v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988)).

　　　　One of the procedural requirements in Rule 11 is that a "motion for sanctions must be made separately from any other motion[.]" Fed. R. Civ. P. 11(c)(2). Failure to file a separate motion under Rule 11 warrants the denial of sanctions. See Metcalf v. Anchorage Daily News, Inc., 78 F. App'x 24, 25 (9th Cir. 2003) (holding "the district court abused its discretion in awarding Rule 11 sanctions . . . because [the movant] failed to serve a separate Rule 11 motion"); Jha v. Chicago Title Ins. Co., No. 2:23-CV-00584, 2025 WL 2467337, at *2 (W.D. Wash. Aug. 27, 2025) (denying the defendant's motion for Rule 11 sanctions where it "moved for sanctions in its responsive pleading, rather than a separate motion"); Kohli v. Dayal, 2024 WL 1300054, at *2 (denying Rule 11 sanctions that were requested in an opposition memorandum); Smith v. Wachovia Mortg. Corp., No. 3:12-CV-26-RCJ-VPC, 2012 WL 3222144, at *5 (D. Nev. Aug. 3, 2012) (denying the defendant's motion for Rule 11 sanctions because it did "not file[] its request for sanctions in a separate motion as required by Rule 11(c)(2), but rather

8

combined the request for sanctions with its motion to dismiss"). Accordingly, because Defendants concede they have not complied with this procedural requirement, see Motion, ECF No. 200-1 at 14, the Court finds that sanctions are not appropriate under Rule 11.

### B. Sanctions Based on the Order Dismissing TAC

Defendants also point to the District Court's Order Dismissing TAC, ECF No. 132, as a basis for awarding their fees as a sanction against Plaintiffs. See Motion, ECF No. 200-1 at 16-17.

As noted above, in the Order Dismissing TAC, the District Court noted that the *Conaways, STL, and Tycon Yorba* – but not the Katsimbrakis Defendants – "have … been prejudiced to some extent" because Plaintiffs failed to cure "deficiencies raised in the *Conaways, STL, and Tycon Yorba's prior motion* to dismiss[.]" Order Dismissing TAC, ECF No. 132 at 5, 7-9. As a result, the District Court granted Plaintiffs leave to file another amended complaint but "caution[ed] Plaintiffs' counsel that it is willing to *entertain a request for sanctions* in the amount of appropriate attorneys' fees *in the event the Court grants any motion to dismiss* the Fourth Amended Complaint where it is apparent Plaintiffs have *re-alleged a claim premised only on allegations or arguments the Court has already explained are insufficient* for purposes of jurisdiction or as to the merits." Id. at 9 (citation omitted, emphases added).

The Katsimbrakis Defendants now rely on the District Court's cautionary language to claim that *they* should be awarded their full attorneys' fees as sanctions because, *after they were already terminated from this case*, the District Court dismissed claims against *the Conaways, STL, and Tycon Yorba*. See Motion, ECF No. 200-1 at 16-17. The Court is not persuaded by this argument.

First, the District Court did not find that the Katsimbrakis Defendants were prejudiced – rather, the Court found that *the Conaways, STL, and Tycon Yorba* were prejudiced. Order Dismissing TAC, ECF No. 132 at 8-9. Second, the District Court did not "grant [a] motion to dismiss" the sole claim against the Katsimbrakis Defendants in the FAC. See id. at 9. Instead, this Court struck the only claim in the FAC against Defendants before Defendants had a chance to seek its dismissal. Third, Plaintiffs' claim against the Katsimbrakis Defendants in the FAC was not "re-alleged" because it was the first time Plaintiffs asserted a breach of contract claim against them. Thus, as a brand-new claim against Defendants, it could not have been – and, in fact, was not – "dismiss[ed] . . . on allegations or arguments the Court ha[d] already explained are insufficient[.]" Id. And finally, to the extent Defendants rely on the District Court's dismissal of claims against *the Conaways, STL, and Tycon Yorba*, ECF No. 200-1 at 16-17, such dismissal occurred *after* Defendants were terminated from this case and did not concern any claim against the Katsimbrakis Defendants. Therefore, this Court is not persuaded

10

that the District Court's warning about sanctions justifies an award of Defendants' attorneys' fees.

## II. Attorneys' Fees Under HRS Section 607-14

Defendants next argue that they are entitled to fees under HRS Section 607-14. See Motion, ECF No. 200-1 at 17-21. Section 607-14 provides that attorneys' fees shall be awarded to the prevailing party "in all actions in the nature of assumpsit" not to exceed twenty-five percent of the judgment. See Haw. Rev. Stat. § 607-14. Plaintiffs concede that the Katsimbrakis Defendants are the prevailing parties for purposes of Section 607-14. See Supp. Opp., ECF No. 208 at 2 ("This Court's [Order Striking New Claims] puts [the Katsimbrakis Defendants], under current law, in the position of 'prevailing parties' for purposes of this analysis."). This Court therefore turns to whether this action is in the nature of assumpsit.

"Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 111 Hawaiʻi 349, 366, 141 P.3d 996, 1013 (2006) (citation omitted) (emphases omitted). "'The nature of a claim' is 'determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.'" Au v. Republic

11

State Mortg. Co., No. CIV. 11-00251 JMS, 2014 WL 770291, at *4 (D. Haw. Feb. 25, 2014) (quoting S. Utsunomiya Enters, Inc. v. Moomuku Country Club, 76 Hawaiʻi 396, 400, 879 P.2d 501, 505 (1994)) (internal brackets omitted). Additionally, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawaiʻi 243, 264, 990 P.2d 713, 734 (1999).

"[W]hen there is a doubt as to whether the action is in assumpsit or tort, there is a presumption that the suit is in assumpsit." Au, 2014 WL 770291, at *4 (quoting Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003)). If the Court determines that the action involves both assumpsit and non-assumpsit claims, the Court "must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims." TSA Int'l Ltd., 92 Hawaiʻi at 264, 990 P.2d at 734 (citation omitted).

"Although the Court looks to the substance of the entire pleading, it must also 'determine whether each individual claim alleged in a complaint sounds in assumpsit or tort.'" BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Civ. No. 09-00181 LEK-KSC, 2015 WL 881577, at *8 (D. Haw. Feb. 27, 2015) (quoting Kona Enters. v. Estate of Bernice Pauahi Bishop, 229 F.3d 877, 885 (9th Cir. 2000)). The Court therefore analyzes each of the claims against Defendants. See, e.g., Au, 2014 WL 770291, at *4 (noting that only five of the ten claims were

asserted against the moving defendant and analyzing only those five claims to determine if they were in the nature of assumpsit).

The Katsimbrakis Defendants and Plaintiffs agree that the TAC is the operative complaint for purposes of the assumpsit analysis. See Supp. Memo., ECF No. 207 at 5 ("Because the Court granted the MJOP as to the TAC, the TAC is arguably the operative complaint for purposes of the assumpsit analysis here."; "[T]he Katsimbrakis Defendants contend that the assumpsit analysis applied to each of the five complaints produces essentially the same result."); Supp. Opp., ECF No. 208 at 6 ("Both Counsel Agree that the 3rd Amended Complaint is the 'Operative' version"). Of the six claims in the TAC, only two were asserted against the Katsimbrakis Defendants: a claim for negligent misrepresentation and a claim for unfair and deceptive trade practices under HRS § 480-2. See TAC, ECF No. 102 at 29-34, 36-41. The negligent misrepresentation claim "sounds in tort and is therefore not in the nature of assumpsit." Au, 2014 WL 770291, at *4. Similarly, the UDAP claim "is statutory and is not in the nature of assumpsit." Id. In sum, none of the claims asserted against the Katsimbrakis Defendants in the operative complaint – i.e., the TAC – is in the nature of assumpsit.

Moreover, none of the claims asserted against the Katsimbrakis Defendants in any of the prior complaints is in the nature of assumpsit either. As recounted above, the claims asserted against these Defendants were:

- Complaint, ECF No. 1
    - **Misrepresentation** (¶ 68)
    - **Fraud** (¶¶ 75, 77, 79, 82, 83, 84)
    - **UDAP under HRS ch. 480** (¶ 87)
- First Amended Complaint, ECF No. 10
    - **Misrepresentation** (¶ 71)
    - **Fraud** (¶¶ 78, 80, 82, 85, 86, 87)
    - **UDAP under HRS ch. 480** (¶ 90)
- Second Amended Complaint, ECF No. 18
    - **Misrepresentation** (¶ 71)
    - **Fraud** (¶¶ 78, 80, 82, 85, 86, 87)
    - **UDAP under HRS ch. 480** (¶ 90)
- Third Amended Complaint, ECF No. 102
    - **Negligent Misrepresentation** (¶¶ 111-113)
    - **UDAP under HRS ch. 480** (Prayer for Relief ¶ 8).

The misrepresentation and fraud claims are tort claims and not in the nature of assumpsit.  See Au, 2014 WL 770291, at *4 (misrepresentation); Moore & Moore, etc. v. Stevens, No. 05-00215 SOM-LEK, 2008 WL 437030, at *3 (D. Haw. Feb. 14, 2008) (fraud).  And the UDAP claims are statutory and not in the nature of assumpsit.  See Au, 2014 WL 770291, at *4.  Consequently, none of the claims asserted against the Katsimbrakis Defendants in the operative TAC or the prior complaints is in the nature of assumpsit.[2]

---

[2] Although the Fourth Amended Complaint purported to assert a single claim for breach of contract against the Katsimbrakis Defendants, this Court denied

Further, even if the Court were to look beyond the claims asserted against the Katsimbrakis Defendants to the claims asserted against other defendants and conclude that some of those claims are in the nature of assumpsit, this Court must nevertheless apportion any award of fees between assumpsit and non-assumpsit claims.  See TSA Int'l Ltd., 92 Hawaiʻi at 264, 990 P.2d at 734.  Given that none of the claims asserted against the Katsimbrakis Defendants is in the nature of assumpsit, Defendants would still not be entitled to their fees under HRS § 607-14.  Accordingly, the Court recommends that Defendants' request for fees and costs under HRS § 607-14 be denied.

## CONCLUSION

In light of the foregoing, the Court finds and recommends that Defendants Giro Katsimbrakis and St. Louis Redevelopment Company, LLC's Motion For Attorneys' Fees and Related Nontaxable Expenses, ECF No. 200, be DENIED.

---

Plaintiffs' motion to add this claim and struck it from the FAC, essentially denying Plaintiffs leave to assert this claim.  See Order Striking New Claims, ECF No. 161 at 18 ("The Court agrees that Plaintiffs' inclusion of the New Claims in the FAC contravenes the December 12, 2023 Order, which expressly required leave of court to add new claims.  Rather than seek leave to add the New Claims as instructed, Plaintiffs included the New Claims in the FAC and filed an improper ex parte motion, which resulted in an inefficient use of judicial resources.").  Thus, the Court disregards this improperly filed claim for purposes of determining whether the claims against the Katsimbrakis Defendants are in the nature of assumpsit.

IT IS SO ORDERED.

DATED at Honolulu, Hawaii, November 26, 2024.



Wes Reber Porter
United States Magistrate Judge

Barton Eng, et al. v. Tyler Banta, et al., Civ. No. 22-00309 JAO-WRP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS GIRO KATSIMBRAKIS AND ST. LOUIS REDEVELOPMENT COMPANY, LLC'S MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES.